LIVE STOCK NATIONAL BANK, APPELLANT, v. A. J. BRAGONIER, APPELLEE.

FILED JUNE 5, 1915. No. 18162.

1. **Appeal: BRIEFS: REVIEW.** A brief not in compliance with the rules will, upon motion, be stricken from the files, but when a case is submitted upon briefs without objection, if appellant has failed to assist the court with a brief in compliance with the rules, we will still reverse the judgment, if, upon such examination of the record as the time at our disposal will permit, a plain error prejudicial to appellant is found; otherwise, the judgment will be affirmed.

2. **Bills and Notes: RENEWAL: GUARANTY: CONSIDERATION.** The surrender of securities and extension of time of payment is sufficient consideration for a renewal note, and for guaranty thereof by a third party.

3. **Appeal: HARMLESS ERROR: SUBMISSION OF SPECIAL ISSUE.** The submission to the jury, for the information of the court, of a special question of fact, which under the instructions will not affect their general verdict, is not error requiring a reversal.

4. ———: **SUFFICIENCY OF EVIDENCE.** The evidence indicated in the opinion is found sufficient to support the verdict.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Lambert, Shotwell & Shotwell,* for appellant.

*A. H. Murdock,* contra.

SEDGWICK, J.

In September, 1911, Gordon C. Dimock and his son, Gordon C. Dimock, Jr., were engaged in the lumber business in South Omaha, and were indebted to this plaintiff. A part of this indebtedness was their promissory note for $1,500, past due. They had organized a corporation in the name of the Dimock Lumber Company, and were then carrying on business in that name; but it appears that the indebtedness to the bank was contracted before the corporation was organized, and was the individual indebtedness of the Dimocks. They executed to the bank a renewal note for this $1,500, which was indorsed, "We, the undersigned, guarantee payment, waive demand, notice, and protest," which guaranty was signed by this defendant. The plaintiff brought this action in the district court for Douglas county against the defendant upon this guaranty. The defendant answered that there was no consideration for his guaranty, and that the same was procured by fraudulent representation. The trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff has appealed.

While the defendant himself apparently received no consideration for his guaranty, the bank released at least some of its securities, surrendered the evidence of the prior indebtedness, and extended the time of payment. This, of course, would constitute sufficient consideration for the guaranty.

The defendant in the brief says that, "instead of separating his brief into a statement of the case, followed by an argument, counsel for appellant has so jumbled his pretended statement of the evidence with his brief that it is very difficult to distinguish argument from evidence or brief from statement." The plaintiff's brief is not in

accordance with the rules, but we might not perhaps characterize it in the language used by defendant. Our rule 12 (94 Neb. XI) we think is plain and easily complied with, if counsel have in mind some definite propositions of law that they desire to submit and upon which they suppose their case depends. Upon motion, a brief not in compliance with the rules will be stricken from the files, but when a case is submitted upon briefs without objection, if appellant has failed to assist the court with a brief in compliance with the rules, we will still reverse the judgment, if, upon such examination of the record as the time at our disposal will permit, a plain error prejudicial to appellant is found; otherwise, the judgment will be affirmed.

The defendant alleged that, to secure his guaranty of the note, the cashier, who transacted the business for the bank, represented to him that the Dimock Lumber Company was a solvent going concern, with a capital stock of $6,000; that the $1,500 represented by the note which the plaintiff was asked to guarantee would be used exclusively in carrying on the business of the Dimock Lumber Company, whereas in truth, the company's liabilities were more than their resources, the capital stock was worthless, and the note was given in renewal of an old indebtedness of the Dimocks themselves, in which the Dimock Lumber Company was not interested. The theory of the defendant was that there was a combination between the Dimocks and the bank to induce him to become liable for their indebtedness. The bank held about half of the stock of the lumber company as collateral security for this indebtedness, and other collateral, which the defendant testified the cashier represented to him to be ample security. The defendant had been a farmer in Iowa, and at the time of this transaction was dealing in "registered stock" in South Omaha. He testified that he had had no experience in the lumber business, nor in corporate stock and accounts; that he so informed the cashier, and relied upon the cashier's statements. It is not entirely clear that the cashier made false statements of fact such as an ordinary busi-

ness man would be expected to rely upon, but the evidence is complicated and somewhat conflicting, and it presents a question peculiarly for the consideration of a jury. It cannot be said that the verdict of the jury is so wholly unsupported by the evidence that the court must say that it is clearly wrong.

One of the defenses alleged was that the note had been materially altered since its guaranty by the defendant. The court submitted the question to the jury for a special finding as to this allegation, and the jury found that the note had been so altered. The plaintiff contends that the evidence will not sustain such finding, but under the instructions of the court the jury were not allowed to find generally for the defendant, unless they found that the guaranty was obtained by fraudulent representations. The plaintiff, therefore, could not have been prejudiced by submitting the question of alteration of the note to the jury.

We have not found any error in the record requiring reversal, and the judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.