CELESTINE ADAMEK, APPELLANT, V. H. C. TILFORD, APPELLEE.

FILED JULY 3, 1933. No. 28568.

*Henry F. Pedersen* and *John W. Yeager,* for appellant.

*Kennedy, Holland & DeLacy, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ.

ROSE, J.

This is an action to recover $35,000 in damages for personal injuries alleged to have been caused by the negligence of defendant in running over plaintiff with an automobile in a street in Omaha. In his petition plaintiff pleaded that, after driving from the west on Q street after

dark on the evening of January 24, 1931, he parked his automobile, headed east, parallel with the south curb of Q street near Thirty-ninth street, and that, as he stepped out of his car on the left or north side, an unknown hit-and-run driver in a speeding automobile brushed him off the running board, throwing him into the street. While he was prostrate on the pavement, defendant, driving another automobile from the west, ran upon and injured him. Plaintiff was pulled out on the north side in front of the rear wheel. Defendant was charged with negligence in the following particulars: Speed so great as to prevent the stopping of his car in time to avoid striking plaintiff; failing to have his car under such control as to avoid the collision; neglecting to turn aside; failing to slacken speed when plaintiff was, or should have been, seen.

In an answer to the petition, defendant denied the negligence charged and pleaded that any injury sustained by plaintiff was the result of his own negligence and that of the hit-and-run driver. The reply to the answer was a general denial.

At the close of plaintiff's testimony, the district court sustained a motion by defendant to excuse the jury and dismiss the action for insufficiency of the evidence to support a verdict against him. Plaintiff appealed.

The question presented by the appeal is: Did plaintiff make a case? The solution depends on the evidence of witnesses who testified in his behalf. In some respects his own testimony is at variance with his petition, but he said in effect that he got out of his own car on the north side of it, intending to walk to a store a few rods farther east on the north side of Q street. The evidence shows without conflict that, while he was lying on the pavement, defendant's car approached from the west and that the front end of it ran over him. Plaintiff was pulled out in front of the rear wheel on the north side of defendant's car not far from the center of Q street south of the en-

trance to Thirty-eighth avenue on the north. There were two disinterested eyewitnesses and both testified on behalf of plaintiff. They were going west at the time on the north side of Q street and observed from the car in which they were riding what occurred. The driver, Irene Ploke, drove about a quarter of a block beyond the scene of the accident, parked on the north side of Q street and hurried to the aid of plaintiff. Her passenger, Anna Recic, nee Jeck, was already at the scene, having jumped from the moving car. When near plaintiff, who was lying on the pavement, she screamed at defendant as he approached from the west in his automobile. · The testimony of these two eyewitnesses called by plaintiff is harmonious and proves the following facts which bind him: As the speeding car of the hit-and-run driver went by, the body of plaintiff was flung into the air and lit on the pavement where it remained prostrate until struck by defendant's car. Defendant was going slowly, jammed on his brakes upon discovering plaintiff's body and made a sudden stop, the front wheels only passing over plaintiff. As far as could be seen, he did everything he could to avoid striking plaintiff. The night was dark. Automobiles parked along the south side of Q street obscured light from the stores. Plaintiff wore dark clothes. The pavement was wet and it was difficult to see his body in the street, even at close range. It looked like a blotch on the pavement. Both the clothing of plaintiff and the wet street had a dark appearance. Defendant could not see plaintiff until it was too late to turn aside or stop without striking him. The collision was unavoidable. The eyewitnesses could locate plaintiff's body in the street, because they had seen it in the air, as the speeding car went by, and knew there had been an accident. The lamps on defendant's car were shining and the brakes permitted a sudden stop. These facts are shown by direct testimony of plaintiff's own witnesses, or by necessary inferences therefrom. They disprove every allegation of negligence pleaded in the pe-

tition and there is no evidence requiring a different view. On the record made, plaintiff invokes the following doctrine:

"As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." *Roth v. Blomquist,* 117 Neb. 444.

To the general rule, as pointed out in the opinion in the case cited, there are exceptions, where the object or obstruction or depression is the same color as the roadway and for that reason, or for other sufficient reasons, cannot be observed by the exercise of ordinary care in time to avoid a collision. The present case is clearly within the exceptions.

The evidence was insufficient to support a verdict in favor of plaintiff and the district court did not err in dismissing the action.

AFFIRMED.