VERNON LEWIS, APPELLEE, v. RAPID TRANSIT LINES, APPELLANT: KENNETH PFLUG, APPELLEE.

FILED FEBRUARY 16, 1934. No. 28740.

*Ziegler & Dunn* and *George W. Becker*, for appellant.

*Wear, Garrotto & Boland* and *Crofoot, Fraser, Connolly & Stryker*, contra.

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

BLACKLEDGE, District Judge.

This is an appeal from the district court for Douglas county wherein the action was one to recover damages for personal injuries alleged to have been sustained by the plaintiff in a collision which occurred between the automobile in which he was riding as a passenger, and which was driven by Kenneth Pflug, and a passenger bus being operated by the employees of the defendant Rapid Transit Lines.

The verdict of the jury was in favor of plaintiff and against defendant Rapid Transit Lines in the sum of $4,250, and was in favor of the defendant Kenneth Pflug.

The plaintiff alleged negligence on the part of Kenneth Pflug, driver of the car in which plaintiff rode, in operating his car at a speed greater than was reasonable and proper taking into consideration the condition of the highway and the circumstances at the time and place, and also in the failure to keep a proper lookout and to have his automobile under proper control; and alleged negligence on the part of the driver of the bus in that the bus, a grey-colored vehicle, was parked with all four wheels upon the paved portion of the highway in the

nighttime and without display of any lights or warnings. Plaintiff alleged that the negligence of the two defendants concurred to cause his injuries.

The defendants answered separately. Each denied negligence and, without any specific allegation of contributory negligence, made the general allegation that any injuries sustained by plaintiff were due to his own carelessness and negligence. The reply was a general denial, and upon these issues the case went to trial. The defendant Rapid Transit Lines is the sole appellant here.

The appellant, on the submission of the case by oral argument, undertook to present for the consideration of the court an alleged error of the trial court in sustaining an objection to an offer of proof on the part of appellant. It was at the time asserted on behalf of the appellee that this question was not assigned in the motion for a new trial. It was not specifically assigned therein, and whether any of the more general assignments might be construed to cover it we do not need to inquire at this time for the reason that this particular error is not included in the assignments of error in the brief, nor in any wise discussed therein. The court cannot be expected to search the record to determine questions not raised according to the well-established procedure in this court, and that matter will not be further considered.

The assignments of error on this appeal are (1) that the court erred in overruling the motion of appellant for a directed verdict, and (2) that the court erred in failing to instruct the jury that it was the duty of plaintiff in looking out for his own safety to protest against the driving of defendant Pflug at such a speed that he could not stop to avoid hitting objects on the highway within the radius of his lights.

Upon the first proposition it is sufficient to say that, as to the actual conditions at the time and place of the accident, the testimony is sharply and hopelessly in conflict. The four witnesses who were in the car in which plaintiff rode all testify to the effect that the night was

rather chilly, the weather was misty so that moisture gathered on the windshield, and there was considerable fog, especially in the lower places, which obstructed the vision, it being so damp that the windshield wiper on the driver's side was working all the time. They further testify that the appellant's bus was parked or stopped on the paved portion of the highway, which was 18 feet in width, without lights; that it was painted in yellow and black, and that it was considerably covered with mud so as to render it almost invisible without lights; and that, although the lights of the automobile cast their beams some 35 feet ahead, yet they were not able to see the bus until within approximately 10 feet of it, at which time the driver undertook to cut off to his left, the car was sideswiped and the plaintiff's arm injured. Plaintiff was riding in the front seat and on the right of the driver.

The testimony of the defendant's two witnesses was to the effect that the bus was not stopped, but that with a disabled engine it was moving at approximately 15 miles an hour, the lights were on, the night was not foggy or misty and the pavement was dry.

In this state of the testimony it is plainly apparent that the court would not have been justified in directing a verdict.

Upon the second proposition, as to the failure to instruct the jury concerning the duty of a guest passenger to keep a lookout and to either warn the driver or protest concerning his driving, the trial court might well have been more definite in its instructions as to the rules of the road and as to the violations thereof or other acts proper to be considered as evidence of negligence. In this respect, however, the court was fully as definite in its instructions as the parties had been in their pleadings. The instructions given properly covered the general features of the case with definitions of negligence in its different degrees and the other terms used, and, as stated, might have well been more specific in reference to some features; but the complaint here on this appeal is par-

ticularly and only as to the lack of more definite instructions concerning the duty of the plaintiff as a passenger to protest against the speed of the driver, Kenneth Pflug. This criticism may be answered in two ways: First, that the evidence tends to show that it was a misty, foggy night, the fog being heavier in the lower places; that the windshield wiper was operating in front of the driver; that there was none in front of the plaintiff on his side; that there was no way in which the plaintiff could see as well as the driver on account of his vision being obstructed, and, under the circumstances as shown, anything that came or could have come within his knowledge or observation, was better and more clearly within the knowledge and observation of the driver. The speed of the car, as estimated, varies from 20 to 30 miles an hour and the court could hardly do more than say to the jury, which it did, that it was for them to say whether under the circumstances then and there existing such speed was negligent. It seems obvious that with better opportunity existing for observation and the like with the driver, and plaintiff's opportunities in that regard being much limited, there would be no occasion to instruct the jury as to any warning that plaintiff should have given. In addition, it should not be overlooked that, according to defendant's theory of the case, there was no mist, no fog, and no wet pavement. In such circumstances there would be no occasion for any one to be concerned about the visibility of things or a speed of 20 to 30 miles an hour at that time on the paved highway, and the testimony does not disclose a situation wherein the plaintiff might reasonably have been expected or required to protest or to warn the driver.

The assignment of error might also have greater weight were it not for the fact that by the verdict of the jury the defendant Pflug has been exonerated of negligence. The jury evidently took the view that the plaintiff had established his case and that the operator of defendant's

bus was negligent in stopping the same at night, under the circumstances then existing, on the 18-foot strip of paved highway and without lights. We cannot say that the jury were wrong and, in that view of the evidence, the finding against the appellant was fully justified. It is possible that, before the submission of the case to the jury, its aspect would have warranted some further instruction than was given as to the · duties of a guest passenger, but such omission must now be regarded, if erroneous, as harmless error, because the jury have found that there was no negligence of the defendant Pflug, as to which the plaintiff himself would have been under duty to protest.

In this view of the record, we do not believe it necessary to undertake a discussion of the cases cited in the briefs or the particular distinctions to be made between them. They are the rules applied to the particular facts of the respective cases. Our statute provides that all questions of negligence are for the jury. Comp. St. 1929, sec. 20-1151. This is all inclusive except as to such instances where the court can say as a matter of law that no negligence has been established as against some certain party. The rule seems to be well-settled in this state that it is not the province of the court to tell the jury in its instructions that a certain thing is negligence if found in that case, but may refer to matters which find support in the evidence and advise the jury that those things may or should be considered by the jury in determining the fact of negligence. The court finds . no occasion to recede from the rule announced in *Roth v. Blomquist,* 117 Neb. 444, and considers the propositions in this case more closely covered by the cases of *Giles v. Welsh,* 122 Neb. 164; *Johnson v. Mallory,* 123 Neb. 706; *Monasmith v. Cosden Oil Co.,* 124 Neb. 327, and *Adamek v. Tilford,* 125 Neb. 139.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.