AMANDA ANDERSON, APPELLANT, V. ELBERT LEE, APPELLEE.

FILED JANUARY 24, 1936. No. 29486.

*Fradenburg, Webb, Beber, Klutznick & Kelley,* for appellant.

*Wear, Boland & Nye* and *Nickerson & Nickerson, contra.*

Heard before GOOD, DAY and PAINE, JJ., and RAPER and PROUDFIT, District Judges.

DAY, J.

There was an accident at or near a street intersection in the city of Omaha, in which the plaintiff, a woman 44 years of age, a pedestrian, was struck and injured by an automobile driven by the defendant. At the conclusion of plaintiff's testimony, in an action for damages, the trial court sustained a motion for a directed verdict because the plaintiff had failed to establish any act of negligence on the part of the defendant.

The record is a short one and easily and quickly examined. As it stands, the plaintiff and another woman alighted from a south-bound street car, waited for it to pass, and afterwards started across the street intersection. The defendant drove his automobile along the right-hand side of the street, traveling north. The plaintiff was standing still in the middle of the street between the double street car tracks, visible for more than 100 feet to the defendant. The automobile came down the street with plenty of room to pass plaintiff; but, when it approached the place where she was standing, swerved sharply to the left, striking her and injuring her. The plaintiff's companion passed across the street in front of the automobile, and defendant argues that he was confronted with an emergency, and that the rule announced in *Kelly v. Gagnon,* 121 Neb. 113, 236 N. W. 160, applies, that when one finds himself in a position of peril through no fault of his own, he is not required to act with the same degree of care, caution, and circumspection as would otherwise be expected of him. A sufficient answer to this is that, where reasonable men might draw different conclusions from the evidence, questions of negligence are for the jury. *Dougherty v. Omaha & C. B. Street R. Co.,* 113 Neb. 356, 203 N. W. 538; *Leon v. Chicago, B. & Q. R. Co.,* 102 Neb. 537, 167 N. W. 787.

The rule of negligence applicable to this case is that announced in *Roth v. Blomquist,* 117 Neb. 444, 220 N. W. 572. Generally, driving an automobile at night at such a speed that one cannot avoid a collision with an object within the area covered by its lights is negligence as a matter of law. This accident occurred at 11:30 p. m., July 18, 1933. There are certain exceptions to this rule where unanticipated objects are obscured or the visibility is reduced, as "where the object or obstruction or depression is the same color as the roadway and for that reason, or for other sufficient reasons, cannot be observed by the exercise of ordinary care in time to avoid a collision." *Adamek v. Tilford,* 125 Neb. 139, 249 N. W. 300. This case is not within the exception.

Where a driver, confronted by an emergency, turns his car to the left to avoid a collision, thereby hitting a pedestrian crossing the street, his negligence is a question for the jury. *Lammers v. Carstensen,* 109 Neb. 475, 191 N. W. 670; *Abraham v. Clark,* 202 Wis. 451, 232 N. W. 865; *Shotts v. Standard Oil Co. of Indiana,* 181 Minn. 386, 232 N. W. 712.

The evidence of the plaintiff as to the negligence of the defendant was sufficient to require a submission of the question to the jury, and the trial court erred in directing a verdict for the defendant at the close of plaintiff's testimony.

REVERSED AND REMANDED.