JANET HENDREN, APPELLEE, V. CHARLES A. HILL, APPELLANT.

FILED MAY 29, 1936.   No. 29635.

*Neighbors & Coulter,* for appellant.

*Clarke & Patterson, contra.*

Heard before GOOD, EBERLY and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

CLEMENTS, District Judge.

This is an action brought by Janet Hendren, plaintiff, against Charles A. Hill, defendant, to recover for damages which she says she sustained while riding as a guest in his car.

The plaintiff alleges that she was injured in a collision of the defendant's automobile with the car of a third party; that the defendant was guilty of gross negligence in driving his car at the time of and immediately prior to the accident, and that such negligence was the proximate cause of the accident and her injury.

The defendant denies negligence on his part; alleges that plaintiff was negligent, that her negligence contributed to her injury, alleges that she assumed all risk of injury which might occur from his manner of driving, and that the proximate cause of the accident and plaintiff's injury was the gross negligence of the third party. The plaintiff denies the defendant's allegation.

Upon these issues the cause was submitted to a jury and a verdict was rendered for the plaintiff in the sum of $1,500. The case comes here on appeal.

There is very little dispute as to the material facts in the case. They are, as established by the admissions of the parties, the evidence and special findings of the jury, as follows: On the evening of June 26, 1934, the plaintiff, a girl 22 years of age, residing at Morrill, Nebraska, at the invitation of the defendant, accompanied him in his automobile to Torrington, Wyoming, where they had dinner. After the meal they started to return. On reaching Morrill, they seemed to have decided to prolong their ride and proceeded towards Scottsbluff on the highway, passing through Mitchell, Nebraska. At about this time one Salvador Gonzales, accompanied by a Mrs. Lope Cortez and her two children, had left Mitchell, Nebraska, and were proceeding towards Scottsbluff on the same highway. Gonzales was driving a Chrysler automobile, on the rear part of which he had piled some household furniture which he was transporting for Mrs. Cortez. One

article of this household furnishing was a mattress tied to the back of the cab or driver's seat. This mattress was light in color and some of the witnesses said it seemed to blend with the pavement.

At a point about two or three miles southeast of Mitchell, a tire went flat on the Gonzales car and he stopped to repair it. There was a sharp conflict in the evidence as to where the car was standing while Gonzales was working on the tire and as to whether there were any lights on the car, but these questions are foreclosed by special findings of the jury to the effect that the Gonzales car was standing on the ordinarily traveled portion of the highway without lights.

On stopping his car, Gonzales sent Mrs. Cortez and her children back to a filling station to get a patch for the tire and he commenced to jack the wheel up. At this time he saw the defendant's car coming at a high speed from the direction of Mitchell. Seeing that the defendant was not turning to pass his car and that a collision was imminent, he jumped away from his car into the ditch. The defendant's car struck the Gonzales car squarely in the rear, carried it about 100 feet before stopping and practically demolished it. Both plaintiff and defendant were severely injured and both were rendered unconscious. At the time of the trial neither plaintiff nor defendant could remember anything immediately preceding the accident and could give no account of how it occurred.

At the time of the accident the defendant was driving a Ford V-8 automobile, nearly new, equipped with good brakes and very good lights which were burning. The night was clear, atmosphere in normal condition and the moon shining. He was driving on a level concrete highway 18 feet in width with which he was very familiar. He was meeting no car and that part of the roadway not occupied by the Gonzales car was not obstructed in any manner. The evidence as to the speed at which the defendant's car was being driven at the time of the accident is not very satisfactory, but the force of the

impact and the distance the Gonzales car was driven by the collision would indicate a speed of at least 40 or 50 miles an hour and this agrees very well with the oral evidence.

It is contended by the defendant that upon this statement of facts the court should have found as a matter of law that the defendant was not guilty of gross negligence and that question should not have been submitted to the jury. The theory of defendant is that the obstruction was of such a nature and so blended with the pavement that he could not see it in time to avoid it. This theory is contrary both to reason and to the evidence. It is not reasonable to believe that a person driving a car equipped with good lights which should throw a beam at least 100 feet in advance of his car could not see, if he was looking, an automobile piled high with household furniture in time to avoid it. The evidence shows conclusively that the car could be seen. Three cars passed the Gonzales car while it was standing on the pavement and before the accident. The occupants of all of these cars testified that they saw the Gonzales car in time to avoid it, and saw it distinctly enough to recognize the mattress tied on the back thereof. The driver of one of these cars testified that, with his dimmer lights on, he saw the car at a distance of 40 feet.

It is the duty of an automobile driver, in driving a car in the night-time to keep such a lookout ahead that he will see an obstruction as soon as it is illuminated by his lights, and it is his duty to have his car under such control that he can stop to avoid a collision with an object within the area lighted by his lamps. We think the evidence in this case is sufficient to justify the jury in finding that at the time of the accident the defendant was not exercising even slight care in the performance of this duty. In *LaFleur v. Poesch,* 126 Neb. 263, 252 N. W. 902, an action very much like the instant case, it was said, in substance (p. 269) : Where one on a clear, moonlight night, on a level, paved highway, operates a car equipped with lighted, sufficient lights, at a high rate of speed, and

collides head-on with a disabled motor vehicle, parked on the pavement, partly on and partly off the pavement, and no explanation or reason appears in the evidence why he did not see such car, or, if he did see it, why he did not avoid the collision, there is such evidence of negligence on the part of the driver as would warrant a finding of gross negligence on his part. We think that the question of defendant's negligence was properly submitted to the jury and that the jury were justified in finding that he was guilty of gross negligence.

Should the question of contributory negligence of the plaintiff have been submitted to the jury, and were the jury justified in finding that her negligence, if any, was slight in comparison with the negligence of the defendant? No active negligence on the part of the plaintiff is charged, but it is argued that it was her duty to watch for danger and upon its appearance to warn the driver. This is qualifiedly true. The qualification is that the same degree of care is not required of the guest as of the driver. If the guest perceives danger, or if at certain times or places he should anticipate danger, such as at railway crossings, he should warn the driver, but ordinarily he need not watch the road or advise the driver in the management of the car.

It must be remembered that speed was not the only element of negligence in this case. Speed combined with failure to keep an outlook and so manage the car as to avoid an obstruction was responsible for the accident. Driving the car at a speed of 45 or 50 miles an hour, over a paved road, on a clear, moonlight night, was not in itself sufficient to require the plaintiff to interfere, and it is apparent that she could not know, until it was too late, that the driver was not watching the road and would fail to turn his car to avoid the obstruction.

Even if it is conceded that it was the plaintiff's duty to watch the road and warn the driver, there is no evidence that she did not perform this duty. Neither the plaintiff nor the defendant was able to give any account of what

preceded the accident. The burden is upon the defendant to prove the contributory negligence of the plaintiff. She is entitled, in the absence of evidence to the contrary, to a presumption of due care. We think the defendant cannot complain because the question of plaintiff's contributory negligence was submitted to the jury, and we think that the finding of the jury that, if she was negligent, her negligence was slight in comparison to the negligence of the defendant is amply sustained by the evidence.

Negligence of third party contributing to accident and injury. Much of the defendant's evidence and a large part of his brief is directed at an attempt to show that Salvador Gonzales was, as a matter of law, guilty of gross negligence in permitting his car, without lights, to stand on the traveled portion of the roadway while he was fixing a tire, and that this negligence contributed to plaintiff's injury. Even if this were true, all of which we do not concede, the defendant would not be relieved of responsibility if, as has been found, he was also guilty of gross negligence which contributed to plaintiff's injury.

"As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury." 45 C. J. 920.

"Under the above rules the cause concurring with defendant's negligence may be the negligent act of a third person." 45 C. J. 923.

"If one suffers injury and damage as the proximate result of the negligence of two others, and the damage would not have occurred but for the negligence of each of such parties, both are liable to the person so injured." *Koehn v. City of Hastings*, 114 Neb. 106, 206 N. W. 19.

Under this universally accepted rule, the question of the negligence of Gonzales is immaterial in this case.

It is strenuously urged that plaintiff, by remaining in defendant's car after it had been driven at an excessive speed, assumed all risk of injury which might occur from

his manner of driving. We think this position is not well taken. If we concede that the doctrine of assumption of risk applies in this case, which we do not, still the evidence falls far short of disclosing a situation that would require the plaintiff to leave the defendant's car or interfere in its management. The only evidence we have as to how fast the car was being driven prior to the accident is the testimony of the plaintiff. She says that on the way to Torrington, the defendant drove the car very fast, at one time reaching a speed of 80 miles an hour, that she asked him to slow down and he did so. The defendant concedes this is true. On page 39 of his brief he says: "He did not continue his fast driving after he was cautioned by plaintiff and thereafter she was satisfied with the method and manner in which the car was being operated."

As we have pointed out, speed was not the only element of negligence which was the cause of this accident. A speed of 45 or 50 miles an hour on a moonlight night, over a level, paved road, was not in itself likely to cause an accident, but one driving at that speed without due care in keeping a proper outlook ahead, if not under the care of that providence which is said to protect children and fools, was reasonably sure to come to grief. There is no evidence that the plaintiff was acquainted with the habit of the defendant in relation to watching the road or with his skill in manipulating a car to avoid an obstruction. It is not shown that she knew that he did not see the obstruction or, if he did see it, why he did not at the proper time turn his car to avoid it.

"Ordinarily, the guest passenger in an automobile has a right to assume that the driver is a reasonably safe and careful driver; and the duty to warn him does not arise until some fact or situation out of the usual and ordinary is presented." *Lewis v. Rapid Transit Lines,* 126 Neb. 158, 252 N. W. 804.

We hold that the evidence in this case justifies its submission to the jury and is sufficient to sustain the verdict rendered. The judgment of the trial court is

AFFIRMED.