MARY HARDUNG, APPELLEE, v. KEITH SHELDON, APPELLANT.

275 N. W. 586

FILED OCTOBER 29, 1937. No. 30041.

*Glebe & Elliott,* for appellant.

*F. J. Reed, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This was an automobile collision occurring on a country road in Scotts Bluff county between a car driven by defendant and one in which plaintiff was riding. The defend-

ant appeals from a judgment for damages to the person and damages to the car assigned to plaintiff. Stripped of legal verbiage, the appellant complains that the evidence is not sufficient to sustain the verdict and judgment, and to three particular instructions given by the court to the jury.

Merely to give a background, the appellant, Keith Sheldon, was under sixteen years of age, and took the car he was driving without permission from his grandfather, Addison E. Sheldon. Mary Hardung, the appellee, was farming with her son, George Hardung, 24 years of age, the owner and driver of the car in which she was riding. The accident occurred on a state highway about five miles east of Lyman. At this point in the road is a steep, sandy hill. The appellant was driving up the hill on the left side of the road. The appellee's car was coming over the brow of the hill, and the two cars were confronted with an impending collision. The drivers of both cars either turned to the right, or at least George Hardung did, and the collision was on the appellant's right-hand side of the road.

Each driver seeks to justify his conduct in driving on the wrong side of the road at different times by the exigencies of the situation. The appellant asserts that the road was covered with a sand-blow commencing at the bottom of the east side of the hill, and extending fifty or seventy-five feet up the hill. He contends that it was customary and necessary to drive up that hill on the left side of the road. He supports this claim with other witnesses, and with photographs of the road.

On the other hand, George Hardung, the driver of the car in which appellee was riding, asserts that he was driving over the brow of the hill on his right side when he was confronted by the appellant driving on the wrong side of the road; then he "slammed on" his brakes, and turned to his left when the collision occurred. There is considerable testimony as to the relationship of the parties, but since Keith Sheldon is the only appellant, it does not concern us here.

Within the issue presented here after determination by the jury, one driver is proceeding uphill along the wrong side of the road because of its condition, and the other is proceeding over the brow of the hill, when there is a collision. Of course, the evidence is in dispute as to speed, condition of the road, the distances at which they could see each other, and the route of the cars at or before the impact. It is a typical automobile accident case.

It is the contention of the appellant that the car in which appellee was riding was negligently driven on a public highway, over the brow of a hill, at a rate of speed such that it could not be stopped or turned aside to avoid an obstruction within the range of vision. In this jurisdiction, as well as in most others, it is a well-established rule that a motorist driving at such speed that he cannot stop or turn aside in time to avoid an obstruction discernible within the range of vision is usually negligent. *Most v. Cedar County,* 126 Neb. 54, 252 N. W. 465; *Roth v. Blomquist,* 117 Neb. 444, 220 N. W. 572. There are, of course, certain exceptions, where an object's visibility is obscured, which are recognized in the *Roth* case, such as an unlighted ditch across a highway which could not be anticipated, and an obstruction similar in color to the highway. Subsequent cases have recognized these exceptions. *Adamek v. Tilford,* 125 Neb. 139, 249 N. W. 300; *Anderson v. Lee,* 130 Neb. 258, 264 N. W. 666; *Monasmith v. Cosden Oil Co.,* 124 Neb. 327, 246 N. W. 623, and others.

The entire question in this case devolves to one to determine the negligence of the appellee's driver. Where the evidence is seriously in dispute, as here, and where reasonable men might draw different conclusions from the evidence, negligence is a question for the jury.

We will now consider the contention that the collision occurred on the right side of the road for the appellant, due to the driver for the appellee turning to his left of the road. This is a considerable feature of the appellant's charge of negligence. But the driver contends he was confronted with an emergency at the time. If his theory

of the case is correct, he was faced with an unusual situation. If a driver confronted by an emergency turns his car to the left in an attempt to avoid a collision, the question of negligence is for the determination of the jury. *Anderson v. Lee, supra.*

It is mentioned in argument that the accident occurred on the appellant's right-hand side of the road, and the physical facts demonstrate that the verdict should be set aside. *Hessler v. Bellamy,* 128 Neb. 571, 259 N. W. 514, is relied upon to support this contention. In that case it was said that, when the undisputed physical facts demonstrate a lack of negligence, the evidence is not sufficient to support a verdict. In this case the facts surrounding the physical facts are disputed and excused, and therefore the matter of negligence is for the jury.

The appellant complains of two instructions, numbered 11 and 19, for that they gave the rule of concurring negligence of the two drivers of the cars. The undisputed evidence, he says, indicates that appellee and the driver of the car in which she rode were on a joint enterprise. Even assuming the appellant's position, the instructions are not prejudicial to the appellant under any theory of the case. Error in instructions not prejudicial to the complaining party, and not affecting the verdict, does not require a reversal. Comp. St. 1929, sec. 20-853; *Live Stock Nat. Bank v. Bragonier,* 98 Neb. 506, 153 N. W. 504.

Another complaint has also been examined, and nothing prejudicial to the appellant is revealed. This controversy was submitted to a jury upon the several disputed questions of fact, and the jury upon this conflicting evidence found against the appellant. This court will not disturb the verdict.

AFFIRMED.