Peter Redwelski, appellant, v. Omaha & Council Bluffs Street Railway Company, appellee.

290 N. W. 904

Filed March 15, 1940. No. 30745.

*Gordon Diesing,* for appellant.

*Kennedy, Holland, DeLacy & Svoboda, contra.*

Heard before Simmons, C. J., Rose, Eberly, Paine, Carter, Messmore and Johnsen, JJ.

Paine, J.

This is an action for personal injuries sustained by the plaintiff, who was driving his own car and collided with a repair truck owned by the street railway company. At the close of the plaintiff's case, the trial court sustained defendant's motion for a directed verdict in its favor, and dismissed the plaintiff's action.

The assignments of error set out that the trial court was in error in refusing to submit the case to the jury, and that the dismissal of the case is contrary to the evidence and the law; that the court erred in passing upon the credibility of the witnesses, which is the sole duty of the jury, and thereby invaded the province of the jury.

This is a companion case to *Blank v. Omaha & C. B. Street R. Co., ante,* p. 632, 290 N. W. 464, which case was presented first to this court, Blank being a guest of the plaintiff at the time of the accident.

The accident happened at about 8 o'clock on the evening of February 26, 1938. The plaintiff was chief engineer of the Schulze Baking Company, and left his home in his 1934

Chevrolet car to make a trip to the bakery to give directions about heating the ovens. It was a dark, cloudy night, but his headlights, adjusted for city driving, would shine about 50 feet ahead of his car. The trolley wire had broken, and was looped around a stalled street car, and a repair truck, with a tower from which workmen could reach the trolley, had arrived, and turned around in the intersection of Woolworth avenue and Twenty-fourth street, and headed back north up Twenty-fourth street, and was lengthwise of the street car tracks and parallel therewith, its left wheels being to the west of the west rail of the south-bound track. This truck had been engaged there for about 15 minutes. After its headlights were turned off, a man with a flashlight stood in front of the truck and gave orders to the repair crew on the tower of the truck, and directed traffic.

The plaintiff testified that he had full control of his car, was looking straight ahead, and that when his headlights disclosed the truck ahead of him he was scared and frightened, applied his brakes, and just then the truck's headlights flashed on and blinded him; that he turned his car to the right to avoid a head-on collision, and the left wheel and fender of the Chevrolet hit the left wheel and fender of the truck. Plaintiff testified that his brakes were in good condition, and also his lights. Plaintiff was knocked unconscious by the collision, and remained in a hospital for 16 days and six or seven weeks in his home with a fractured skull.

At the corner of this intersection of Twenty-fourth street and Woolworth avenue, there was a filling station on the southeast corner and a grocery store on the southwest corner. Der Merkley testified that he helped out at this filling station on the corner; that the tower repair truck and also the street car which was standing there, with the broken trolley wire around it, were both painted yellow. He testified that there was a light at the top of each of the three pumps at the filling station, and four lights around the building, and one floodlight on a pole out by the sidewalk, and all were lighted at the time of the accident; that

the arc light on the southwest corner was burning. He could see the men working on top of the tower of the truck; he could see the man 10 feet ahead of the truck when it was 15 or 20 feet north of the intersection, or a distance of 56 feet from where the witness stood. He looked up the street from the door of the filling station and could see the truck standing there. This witness also said there was a dim light in the grocery store on the southwest corner, which was disputed by other witnesses.

Mitchell Vosik testified that he was in charge of the filling station on the evening of the accident; that the street car was stopped on the west side of the street in front of the Woolworth grocery run by Nussrallah; that the broken trolley wire was looped over the east end of the street car, and the north end of the trolley wire was lying in the street; that it threw up blue flames and crackled; that the repair truck came, and headed north under the wire, moved very slowly, with a man on the ground giving orders to the men up on top.

Witness Floyd Johnson testified that he was night engineer at the Bond Bakery, and was a friend of the plaintiff; that he had traveled south on Twenty-fourth street, and when he arrived at the middle of the block between Poppleton and Woolworth avenues he saw a man jump out from the side of the curb with a flashlight, signaling him to turn to the left; he was 35 or 40 feet from the truck when his headlights picked up the truck. He saw the man with a flashlight 100 or 125 feet away from him; he could not tell the color of the truck; he could not see that it was a truck until he went by it.

There was plenty of room for plaintiff's Chevrolet to go on the west side of this repair truck, but instead of that it appeared to come down the south-bound track, and although plaintiff claimed his brakes were in good order, and that his speed was only 25 miles an hour, yet he drove into the truck at a speed sufficient to damage both motor vehicles, and he received serious personal injuries.

The evidence of the plaintiff clearly discloses that this

corner and the objects there were so well lighted that several witnesses testified to all that was being done there, and the plaintiff himself testified that he saw this truck when he was at least 50 feet away, and that his brakes had been tested by the city and were in good working order; that his windshield was clear, and that he could have stopped his car within 35 to 40 feet. The testimony further shows that he could have avoided the accident if he had turned his car one or two feet farther to the west, and could have gone around the standing truck in safety.

At the conclusion of the plaintiff's testimony, defendant moved the court for an order dismissing the plaintiff's cause of action, for the reason that the said plaintiff has not proved sufficient facts to constitute a cause of action against the defendant, and for the further reason that by the plaintiff's testimony in this case the testimony shows that the plaintiff was guilty of negligence sufficient to bar the plaintiff from any recovery against the defendant. This motion was argued to the court, taken under advisement, and the next day the court discharged the jury and sustained the motion, the evidence clearly supporting the court in this ruling.

The first syllabus in *Hendren v. Hill,* 131 Neb. 163, 267 N. W. 340, reads as follows: "It is the duty of an automobile driver, in driving a car in the night-time, to keep such an outlook ahead that he will see an obstruction as soon as it is illuminated by his lights, and it is his duty to have his car under such control that he can stop to avoid a collision with an object within the area lighted by his lamps."

It may be admitted that, if reasonable men would draw different conclusions from the evidence, then the question of negligence is for the jury. *Hardung v. Sheldon,* 133 Neb. 427, 275 N. W. 586.

However, this court is committed to the doctrine by many decisions that it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his headlights. *Roth v.*

*Blomquist*, 117 Neb. 444, 220 N. W. 572; *Anderson v. Lee*, 130 Neb. 258, 264 N. W. 666. Annotations on this subject will be found in 87 A. L. R. 900 and 97 A. L. R. 546.

In the case at bar, it must be held that the evidence is insufficient to sustain a judgment in favor of the plaintiff, and that the trial court was right in discharging the jury and dismissing the petition. *Most v. Cedar County*, 126 Neb. 54, 252 N. W. 465.

In our opinion, the trial court properly directed a verdict for the defendant at the close of plaintiff's evidence, and such judgment is hereby affirmed.

AFFIRMED.

SIMMONS, C. J., and CARTER, J., concur in the result.