CATHERINE WALSH, APPELLANT, V. CHARLES P. MEGAN, TRUSTEE, ET AL., APPELLEES.

298 N. W. 158

FILED MAY 16, 1941. No. 31038.

*McKenzie & Dugan,* for appellant.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

ROSE, J.

This is an action by Catherine Walsh, plaintiff, to recover $3,000 for personal injuries and for damages to her Buick coupé as a result of alleged negligence of the Chicago & Northwestern Railway Company, defendant, in causing a collision between a locomotive and a Buick coupé driven by plaintiff with her sister, Margaret W. Swanson, beside her. The collision occurred about 3:30 in the afternoon of June 10, 1937, where the defendant's railroad crosses Eighth street in Seward, Nebraska. Eighth street is paved 24 feet wide with brick except for gutters and curbs of concrete. Plaintiff at the time was driving north on Eighth street and defendant was backing an engine or locomotive west over the crossing at the same time. The impact crushed the right front end of the coupé and bent the stirrup on the east side of the tender as it was moving backward. The coupé turned westward, went a few feet beyond the pavement and came to rest on its wheels free from the locomotive. Plaintiff was severely injured.

It was alleged in the petition in substance that the crossing was dangerous; that highway and railroad signals at or near the crossing were obscured from the south by trees, shrubs, weeds and other obstructions to vision; that the signals which the law required the train crew to give when approaching the crossing were not given and that the negligence of defendant was the proximate cause of the collision.

The negligence imputed to defendant was denied in its answer to the petition and negligence of plaintiff was al-

leged as the sole cause of the accident and of resulting injuries and damages.

Upon a trial of the cause the district court sustained a motion by defendant to discharge the jury and dismiss the action for want of sufficient evidence to support a verdict in favor of plaintiff. Plaintiff appealed.

It is argued on behalf of plaintiff that there was such a conflict of evidence on the issue of defendant's negligence as to require submission of the case to the jury and that consequently the nonsuit was erroneous.

In part the testimony of plaintiff herself is in substance as follows: She kept a sharp lookout; heard a shrill whistle when about 60 feet south of the railroad track, but could not tell the direction from which it came; saw the railroad track at the crossing when about 40 feet from it and at that distance applied the brakes while going about 15 miles an hour; collided with the tender of the locomotive at the crossing; could not avoid the accident; automobile dragged west by tender beyond the curb; hearing and sight good; did not hear or see any warning signals at or near the crossing except the whistle until too late to avoid the accident; vision of crossing which was sunken in the pavement obstructed by house, bank, trees, shrubs and weeds; brakes on automobile in good condition; pavement dry; day bright and sunny. The testimony of plaintiff was generally in harmony with specific facts alleged by her in her petition. The sister who sat beside plaintiff in the Buick coupé at the time of the accident also testified as a witness and her testimony in most particulars was the same as plaintiff's.

Notwithstanding the testimony of plaintiff and her sister, the following facts were shown by photographs or by an engineer's survey or by uncontradicted testimony of unimpeached witnesses: At the distance of 382 feet south of the center of the railroad track across Eighth street there was a highway and railroad warning in view of motorists indicating "R R" and a speed limit of 12 miles an hour; a cross-buck sign on the right side of Eighth street near the railroad track; a wigwag sign on the opposite side of

Eighth street. It was further shown by the survey that there was an unobstructed eastward view of 164 feet along the railroad track from a point 60 feet south of the crossing on Eighth street, where plaintiff said she heard the whistle. In addition, members of the train crew testified that the wigwag was in operation at the time of the collision; that the speed of the train was 10 or 12 miles an hour; that the crossing signals were given. There is also evidence by an eyewitness that the wigwag was swaying back and forth and flashing red and that the bell on it was ringing.

Mere negative testimony by a motorist that, while approaching a railroad crossing over a public street, and keeping a sharp lookout, he did not see or hear any crossing signal in time to avoid an accident, does not make a case for personal injuries suffered by him on account of alleged negligence of the railroad company in causing a collision between his automobile and a locomotive at the crossing, where uncontradicted physical facts and affirmative testimony of unimpeached witnesses conclusively prove that all signals required by law were in view or given. *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692, 178 N. W. 258; *Oliver v. Union P. R. Co.*, 105 Neb. 243, 179 N. W. 1017; *Varnum v. Union P. R. Co.*, 112 Neb. 340, 199 N. W. 503.

In these views of the facts and of the law applicable thereto, the proximate cause of the accident was the negligence of plaintiff. She did not prove actionable negligence of defendant. The dismissal is therefore

AFFIRMED.