MARTENA SWINFORD, APPELLEE, v. SYLVESTER FINCK, APPELLANT.

299 N. W. 227

FILED JULY 3, 1941. No. 31153.

*Jean B. Cain,* for appellant.

*Joseph C. Reavis* and *A. O. Delaney, Jr., contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

YEAGER, J.

This is an action for damages for personal injuries by Martena Swinford, plaintiff and appellee, against Sylvester Finck, defendant and appellant. The action grows out of an accident which occurred on a highway in Richardson county, Nebraska, at a point about three miles east of Falls City.

The plaintiff in her petition sets forth, to the extent necessary for present purposes, that at about 7:00 p. m. on December 13, 1939, after darkness had fallen, plaintiff was riding in an automobile which was being driven by her husband eastward from Falls City when suddenly, and too late to avoid running over it, the endgate of a truck was seen in the path of the automobile in which plaintiff was riding. The automobile ran over the endgate resulting in loss of control over the automobile by the driver and a blowout of one of the tires. The automobile turned over on the north side of the highway causing the plaintiff to sustain injuries. In this connection she set out that on the evening in question, and shortly before the accident, the defendant with his truck went into a farmyard on the north side of the highway and loaded a bull of about the age of one year and weighing 500 or 600 pounds into his truck, and, after loading, put the endgate in the truck and drove out into the highway and headed eastward, when the endgate fell out

upon the south side of the highway into the proper path of the automobile in which plaintiff was riding; that the bull was allowed to escape, and that after the endgate fell out the bull escaped from the truck and defendant thereafter proceeded up the highway. The particular acts of negligence alleged and necessary to be set forth here are that defendant (1) failed to secure and fasten the endgate of the said truck, (2) failed to warn others of the dangerous condition of the highway, and (3) failed to, within a reasonable length of time, clear the highway of said endgate. Other charges of negligence are set forth, but an examination of the bill of exceptions discloses that they have received no support from the evidence.

The answer is a general denial and an allegation that the accident was caused by the gross negligence of the driver of the automobile in which plaintiff was riding, which gross negligence was the proximate cause of the accident. A general denial was pleaded in the reply to the answer.

At the conclusion of the evidence of the plaintiff, and again at the conclusion of all the evidence, the defendant demurred to the petition and to the evidence, which demurrers were overruled, whereupon the case was submitted to a jury for determination. The jury returned a verdict in favor of plaintiff for $1,000 upon which verdict judgment was rendered. From this judgment the defendant has appealed.

Appellant urges in his brief the proposition that the court erred in refusing to sustain the demurrers to the evidence, and the further proposition that the verdict is excessive.

Ordinarily a demurrer to the evidence presents an issue of law on the facts established by the evidence, and is a proceeding by which the court is called upon to decide what the law is upon the facts shown in the evidence. *Goodman & Lucas v. Ford*, 23 Miss. 592; *Birdsong v. Jones*, 225 Mo. App. 242, 30 S. W. (2d) 1094; *Van Stone v. Stillwell & Bierce Mfg. Co.*, 142 U. S. 128, 12 S. Ct. 181; 64 C. J. 371. However, in the presentation of this case here, the only question raised by the demurrer is the sufficiency of the

evidence to sustain a judgment based upon the issues presented by the pleadings. Is then the evidence sufficient to support one or more of the three charges of negligence hereinbefore set out?

The facts are in dispute in only a few particulars. The evidence of plaintiff shows that on December 13, 1939, at about 7:00 p. m. and after dark, the defendant loaded a bull into his truck at a farmyard about three miles east of Falls City, Nebraska, and that he drove out of the farmyard and over and across a ridge of gravel, which was on the north side, to the south side of the highway and headed in an easterly direction; that opposite the entrance to the farmyard and perhaps a little to the east, and in the path of east-bound traffic, the endgate of the truck fell out without the knowledge of the defendant; that somewhat later defendant discovered that the endgate and the bull were missing; that following this discovery the defendant and a boy who was riding with him proceeded to a point about 500 feet east from the entrance to the farmyard, where they turned around and started back looking for the bull; that plaintiff, in an automobile driven by her husband at about 40 miles an hour, came from the west on the right side of the highway and ran over the endgate causing a blowout, and causing the driver to lose control of the automobile; that by reason of loss of control of the automobile it was overturned on the north side of the highway 100 or more feet east of the endgate, and directly west of where defendant's truck was standing; that the automobile had its lights on and had good brakes, but that the driver did not see the endgate until he was about 20 feet distant and too close to avoid running over it; that plaintiff did not see the endgate until they were right upon it or just a few feet away; and that plaintiff and her husband saw the bull near the center of the highway to the east of the endgate. To this point the evidence of defendant does not differ materially from that of plaintiff, except that it indicates that the endgate was never in the traveled portion of the highway, but that it fell out to the north of the ridge of gravel on the

north side of the highway and, of course, that the automobile in which plaintiff was riding never ran over it. Additional testimony of the defendant was to the effect that he stopped some distance east of the point of the accident, got out, and from a point at the front end of his truck, by the use of a flashlight, attempted to warn plaintiff and her husband. His testimony further showed that the bull was loaded into the truck which had a body 12 feet in length, 7 feet in width and a height of about 6 feet; that, after loading, the endgate was placed in its proper channels and secured by a tie-rod made from a 2 by 4 timber, which tie-rod extended across the top of the body at the endgate; that the truck was twisted as it crossed the ridge of gravel, causing the tie-rod to break loose, thus releasing the endgate.

On this evidence it is not difficult to conclude that there is an absence of evidence to support a charge of negligence that the defendant failed to secure and fasten the endgate to the truck. The undisputed evidence on this point is to the effect that at the time of the loading the endgate was properly and sufficiently secured.

While there is a dispute as to whether or not the endgate was upon the highway, the evidence is amply sufficient to justify the jury in adopting the position of the plaintiff in this regard. In the light of the verdict rendered, the jury did so find. The effect of the verdict, further, was a finding either that the defendant failed within a reasonable length of time to clear the highway of the endgate, or that he failed reasonably to warn of the dangerous condition of the highway, or both. If he failed in either or both of these respects, such failure would be actionable negligence. *Simonsen v. Thorin,* 120 Neb. 684, 234 N. W. 628; *Zimmer v. Brandon,* 134 Neb. 311, 278 N. W. 502.

The defendant had immediate notice of the severe twist of the truck which he says broke the tie-rod and which, in turn, released the endgate. He also had notice, at some point before turning around, that the bull and the endgate were somewhere upon or along the highway. He had a companion who was capable of operating the truck, in fact to whom

he later turned over its operation. He did not look for the endgate until after the accident, and gave no warning until after the truck had turned around and came to a stop, and then from a point near the front of the truck and on the opposite side of the road.

We are of the opinion, under this evidence, that neither of these questions was properly determinable as a matter of law, but they were questions of fact properly to be submitted to a jury. On the question of negligence the verdict of the jury, having been reasonably and substantially supported by the evidence, will not be disturbed (*Schindler v. Mulhair,* 132 Neb. 809, 273 N. W. 217; *Plotkin v. Checker Cab Co.,* 133 Neb. 1, 274 N. W. 198; *Hardung v. Sheldon,* 133 Neb. 427, 275 N. W. 586), unless it appears that the driver of the automobile in which plaintiff was riding was guilty of negligence which was the proximate cause of the accident as is contended by the defendant.

Defendant urges that the driver of the automobile in which plaintiff was riding, in the exercise of the duty required of him by law, should have seen the endgate in time to avoid striking it, and for failure so to do he was guilty of negligence which was the proximate cause of plaintiff's accident, and in support of this contention cites *Roth v. Blomquist,* 117 Neb. 444, 220 N. W. 572; *Most v. Cedar County,* 126 Neb. 54, 252 N. W. 465; *Wagner v. Watson Bros. Transfer Co.,* 128 Neb. 535, 259 N. W. 373.

In the syllabus in *Roth v. Blomquist, supra,* it is stated: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." In the opinion it is stated: "There are recognized exceptions to the general rule or instances to which it does not apply, among them an unbarricaded, unknown, open, unlighted ditch across a highway that could only be seen at close range and not anticipated * * *; corner of a platform with a narrow edge extending from a drag line over a street car track and discernible only in close proximity to the obstruction * * *;

an obstruction consisting of a pile of gravel similar in color to the surface of the highway * * *." It is proper then to inquire whether this case falls within the general rule or the recognized exceptions.

A case very closely in point is the case of *Adamek v. Tilford*, 125 Neb. 139, 249 N. W. 300. In that case the plaintiff was knocked to the street by a hit-and-run driver, and while lying prostrate in the street the defendant ran over him. Defendant claimed that he could not see plaintiff until it was too late to avoid hitting him. The court said in reference to the situation presented, and the rule in *Roth v. Blomquist, supra:* "To the general rule, as pointed out in the opinion in the case cited, there are exceptions, where the object or obstruction or depression is the same color as the roadway and for that reason, or for other sufficient reasons, cannot be observed by the exercise of ordinary care in time to avoid a collision. The present case is clearly within the exceptions." The failure here of plaintiff's husband to see the endgate in time to avoid hitting it is equally clearly excused within the same exceptions.

The only remaining question is the amount of the verdict which defendant claims is excessive. As a result of the accident the evidence shows that plaintiff, before the accident normal and healthy, sustained sprains to both ankles, a dislocated shoulder, many bruises and contusions; that she was in premature and abnormal labor for more than two weeks; that the child with which she was pregnant was born prematurely; and that at the time of the trial she was still nervous as a result of the accident and her injuries. The verdict is not excessive.

For the reasons herein stated, the judgment of the district court is

AFFIRMED.