MARION DICKENSON, APPELLEE, v. COUNTY OF CHEYENNE, APPELLANT.

18 N. W. 2d 559

FILED MAY 4, 1945. No. 31860.

*R. P. Kepler,* for appellant.

*P. J. Heaton,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

Plaintiff brings action to recover for personal injuries sustained by him in an automobile accident, which he alleges

was caused by a defective condition of a highway maintained by the defendant, the county of Cheyenne. Judgment was entered for $2,812.50, being the amount of the verdict of the jury. The defendant appeals.

The bill of exceptions discloses the following facts: The plaintiff, 21 years of age and married, started about 4:00 a. m. from his home with his brother-in-law, aged 19 years, on November 13, 1941, to go out to a farm to pick corn. Plaintiff drove his 1931 Model A Ford about six miles west on U. S. Highway No. 30 to the town of Sunol, then turned directly south on a county highway, and drove down this section line approximately seven miles to an intersection at a speed of about 30 miles an hour. He drove straight ahead, although it was a dead end road, requiring him to turn either east or west, and crashed into the far side of a borrow pit, which nearly demolished his automobile and caused him such very serious personal injuries that no claim is made by the county that the verdict is excessive.

It is a fact that there was no warning sign erected by the county, and that the north-south section line which the plaintiff was traveling ended in an east-west section line, which is called in the United States government surveys a correction line, and occurs usually every 24 miles, due to the convergence of longitude, and this was also the range line. The main travel southward turned at right angles at this intersection and went nearly half a mile west on this correction line, and then turned to the south again. All of these roads were maintained as graveled county highways, 24 feet wide.

On this particular winter morning, at about 4:30 a. m., it was not only very dark, but in addition there was a rather heavy fog, which wet the headlights and cut down the visibility.

As one approaches the place of this accident from the north, he comes down a gentle slope, which is 30 feet lower at the intersection than it was 1,300 feet back. The contour of the ground continues to decline at this same gentle slope over in the field beyond this dead end. In building this east and west road, the county had made a borrow pit, also used

as a drainage ditch, on the south side of this east-west road, which ditch was about nine feet wide and three feet deep on the farther side. The plaintiff, driving directly ahead down that slope at 30 to 35 miles an hour, did not slacken his speed, and crashed into the south side of this borrow pit, which stopped the car.

The plaintiff claimed he never saw the intersection until he was right on it. His brother-in-law said he noticed it when they were back about 50 to 75 feet, but did not say anything to the driver of the car. Yet the testimony is that plaintiff, either consciously or unconsciously, put on the brakes, for the skid marks showed plainly 60 to 70 feet back of the car.

The defendant county sets out some twelve assignments of error, eight of them relating to alleged errors in the instructions, which need not be discussed in this opinion.

The second assignment charged that the court erred in not sustaining defendant's motion to dismiss plaintiff's action at the close of the plaintiff's evidence. This we will discuss at some length.

A county cannot be held as an insurer of those who have occasion to use county highways. A county is only required to use such care as is reasonable and ordinary in its maintenance of its highways. *Brooks v. Thayer County,* 126 Neb. 610, 254 N. W. 413; *Frickel v. Lancaster County,* 115 Neb. 506, 213 N. W. 826.

The only liability of a county for the care of its highways is that provided in section 39-834, R. S. 1943, reading in part as follows: "If special damage happens to any person, his team, carriage or other property by means of insufficiency or want of repair of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in an action against the county, * * * ; *Provided, however,* such action is commenced within thirty days of the time of the injury or damage occurring; * * * ."

There appears to be no question but that the graveled county highways in question were kept in repair by a main-

tainer man going over them twice a week regularly, and more often if necessary.

In addition to the repair of the highways, the only other provision in this statutory limitation placed upon recovery of damages against a county is in the clause providing that if any special damage happens to any person "by means of insufficiency" of the highway. This important word "insufficiency," as used in this section, may be defined as being inadequate to the need, use, or purpose of the highway. The plaintiff charges that it was insufficient by reason of not having some kind of warning signs installed either along the road, before one reached the dead end, or across the dead end itself.

The evidence discloses that, after dark on the night before they were to testify in February, 1944, tests were made by officials at this point with the aid of headlights of an automobile, and the evidence of one witness is that at a point about 650 feet back from the intersection, that is, half way down the hill, one could see the intersection, and that at 400 feet back from the intersection they could see a post. Another testified he could see the fence across the road just back of the borrow pit, 750 feet back from the intersection.

We cannot believe that the failure to put up a sign showing that the road turns, which turn can easily be seen 400 to 750 feet back, is such an omission as would charge the county officers with negligence in their duty in that regard. See *Johnson County v. Carmen,* 71 Neb. 682, 99 N. W. 502.

We will now consider the negligence of the plaintiff.

"As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." *Roth v. Blomquist,* 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473. See, also, *Fulcher v. Ike,* 142 Neb. 418, 6 N. W. 2d 610; *Anderson v. Robbins Incubator Co.,* 143 Neb. 40, 8 N. W. 2d 446.

"A motorist who drives his automobile so fast on a highway at night that he cannot stop in time to avoid a collision

with an object within the area lighted by his headlights is negligent as a matter of law." *Redwelski v. Omaha & C. B. Street R. Co.,* 137 Neb. 681, 290 N. W. 904. See, also, *Fischer v. Megan,* 138 Neb. 420, 293 N. W. 287.

In the instant case, it was not only very dark at 4:30 this winter morning, but there was a fog which would make it much more difficult to see. This fact imposed an additional reason why the plaintiff should have reduced his speed and exercised care commensurate with the surrounding circumstances, which he failed to do.

In the case of *Morrison v. Scotts Bluff County,* 104 Neb. 254, 177 N. W. 158, it is shown that the doctrine of contributory negligence and comparative negligence applies to counties, and clearly states the rules in regard thereto, as follows: "The true rule is that, if plaintiff is guilty of negligence directly contributing to the injury, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith. If, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, then the contributory negligence of plaintiff, however slight, will defeat a recovery." See R. S. 1943, sec. 25-1151.

Now, the proximate cause of an injury is that which in natural and continuous sequence, without any intervening cause, produces the injury. See *Kudrna v. Sarpy County,* 125 Neb. 83, 249 N. W. 87.

The plaintiff testified that when he came down that road he was keeping a sharp lookout for that corner, but he said he did not know just where it was. So while he was watching for this dead end intersection, which he knew was there for he had traveled over the east and west road before, he did not slacken his speed at all as he came down that hill.

To show the negligence of the plaintiff, there is this additional fact that there was a very large black post, made

out of a railway tie, in the fence just across the ditch and directly in front of one coming down to that intersection. One witness testified he could see, with the aid of headlights of an automobile, that post 750 feet away at night, and another 400 feet back, but the plaintiff did not see it at all, because of the fog, or his poor lights, or lack of care.

"Where the evidence shows beyond reasonable dispute that plaintiff's negligence was more than slight as compared with defendant's negligence, the jury should be instructed to find for the defendant." *Whittaker v. Hanifin*, 138 Neb. 18, 291 N. W. 723. See, also, *Chana v. Mannlein*, 141 Neb. 312, 3 N. W. 2d 572.

"Where the facts show beyond reasonable dispute that the plaintiff's negligence was more than slight, as compared with the negligence of the defendant, it is the province of the court to direct a verdict for the defendant." *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221, 212 N. W. 428. See, also, *Klement v. Lindell*, 139 Neb. 540, 298 N. W. 137; *Ritter v. Hering*, 135 Neb. 1, 280 N. W. 231.

In several opinions it has been held that, when the proximate cause of the accident is the negligence of plaintiff, it should not be submitted to the jury by the trial court, but should be dismissed. See *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692, 178 N. W. 258; *Walsh v. Megan*, 139 Neb. 575, 298 N. W. 158.

In our opinion, it was reversible error for the trial court to fail to direct a verdict for the defendant and to dismiss the case. See *Most v. Cedar County*, 126 Neb. 54, 252 N. W. 465.

The judgment is hereby reversed and set aside, and it is directed that the action be dismissed.

REVERSED AND DISMISSED.