ELSIE DE COU TROUP, EXECUTRIX, AND LESLIE E. TROUP, ADMINISTRATOR OF THE ESTATE OF ALEXANDER C. TROUP, APPELLANTS, V. NELL PORTER, APPELLEE.

FILED FEBRUARY 13, 1934. No. 28738.

*Baker, Lower & Sheehan* and *Edward Shafton,* for appellants.

*Kennedy, Holland & De Lacy, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

DAY, J.

This is an action for damages for wrongful death brought by the executrix and administrator of the estate of Alexander C. Troup. At the close of plaintiffs' evidence, the trial court sustained the motion of defendant to discharge the jury and enter judgment for defendant.

This unfortunate accident in which decedent met his death occurred October 23, 1929, near the intersection of Thirty-eighth and Farnam streets in the city of Omaha. It was conceded that his death was the result of the accident; that he was a judge of the district court with a salary of $5,000 per annum; that he was 75 years old, able-bodied, and in good health. The sole issue presented by the appeal is the sufficiency of the evidence as to negli-

gence of decedent and defendant to require a submission of this issue to the jury.

Mrs. Porter was driving west on Farnam street and had passed the intersection of Thirty-eighth street somewhere between 40 and 60 feet. This was a congested corner at the time of day (8:20 a. m.) this accident occurred. The decedent had come from the entrance of the Colonial Hotel, 66 feet west of the west curb of the intersection, supposedly crossing the street at that point to board an east-bound street car which was stopped on the opposite side of the street with the rear end about even with the hotel entrance. The defendant's car was proceeding close to the cars parked on the north side of Farnam street and north of the west-bound street car track. The distance from the north rail of the west-bound street car track to the curb at the place of the accident is 14.6 feet. It was the custom of many people, both from the hotel and those living west, to board the east-bound car by crossing the street west of this intersection. This custom was known to defendant. Many cars were parked on the north side of Farnam street. The plaintiffs offered in evidence admissions of defendant made in a deposition taken some time before the trial. There was no eyewitness to the accident. Even the defendant stated in her answers to questions in the deposition which was offered by plaintiffs that she did not see the decedent until he stepped about two feet in front of her car.

It was into this situation that the defendant drove her car with full knowledge of the congestion at the intersection and the custom of the people intending to board the street car to cross the street in front of the hotel some distance west of the intersection. The evidence as to speed is that of the motorman of the standing street car, that when defendant passed the front of the street car at least 40 feet east of the accident, her car was moving 25 miles an hour. In addition to this, there is testimony that the decedent when hit was hurled into the air and rolled from 18 to 40 feet. From this testimony speed might be de-

termined. Section 39-1102, Comp. St. 1929, which was the statute in force at the time of the accident, provided that "within any city or village no motor vehicle shall be operated at a rate of speed greater than is reasonable and proper, having regard of the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person." Violation of this statute, if any, would be evidence of negligence. While the judges of this court are not in entire accord upon the question, the majority is of the opinion that this evidence is sufficient to require the submission to the jury on the question of defendant's negligence unless the negligence of decedent was more than slight in comparison thereto.

It is therefore necessary to consider the negligence of the decedent for the purpose of determining whether or not it was as a matter of law more than slight when compared to the negligence of the defendant. If it was not more than slight when so compared, then the trial court should have submitted the question of comparative negligence to the jury. The evidence relating to the decedent's negligence is that introduced as the admissions of the defendant and is as follows: "He was running, as I say; he came between the parked cars, between the cars, and he was into my car,—he was into my car before I realized it, and I put my brakes on, released the clutch and put the brakes on immediately." No other witness saw the impact or saw the decedent from the time that he came out of the door until he was lying on the pavement after the accident. One witness (Palmer) testified that he had to go around a parked automobile after he heard the impact before he could see the decedent, and at the time he saw him he had not yet stopped rolling. We are of the opinion that the contributory negligence of decedent was more than slight. The decedent could not be presumed to have exercised due care for his safety, because there is direct evidence of negligence. In such a case there was no duty of making the comparison under the comparative negligence

law imposed upon the jury. *Francis v. Lincoln Traction Co.*, 106 Neb. 243; *Frye v. Omaha & C. B. Street R. Co.*, 106 Neb. 333, 22 A. L. R. 607; *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692; *Johnson v. City of Omaha*, 108 Neb. 481; *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221. It seems the evidence fairly establishes as a matter of law that the decedent herein in stepping from between two parked automobiles directly in front of the defendant's car without looking is more than slight negligence in comparison with the negligence of the defendant and that the trial court was justified in discharging the jury and entering a judgment in favor of the defendant.

AFFIRMED.