ALMA PIERSON, APPELLEE, v. T. C. JENSEN, FIRST AND REAL NAME UNKNOWN, ET AL., APPELLANTS.

33 N. W. 2d 462

Filed July 16, 1948. No. 32267.

See 148 Neb. 849, 29 N. W. 2d 625.

*Baylor, Bloss & Evnen,* for appellants.

*Davis, Stubbs & Healey,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action for damages for personal injuries instituted by Alma Pierson, plaintiff, appellee here, against T. C. Jensen, first and real name unknown, and Robert Gillming, defendants, appellants here.

A trial was had in the district court to a jury which resulted in a verdict in favor of plaintiff and against both defendants for $5,500. A motion for new trial was duly filed and by the court overruled. From the verdict and judgment and the order overruling the motion for new trial the defendants appealed.

On a previous hearing this court reversed the judgment and dismissed the action. The opinion is reported in 148 Neb. 849, 29 N. W. 2d 625. On rehearing it was concluded that this former disposition of the case was erroneous, therefore the opinion is withdrawn.

It therefore becomes necessary to restate the case and to treat of assignments of error not considered in the former opinion.

On August 12, 1945, the defendant Robert Gillming was operating a truck-trailer owned by the defendant T. C. Jensen and in furtherance of the business of Jensen. The truck was loaded with 23 head of cattle and one horse. The trailer portion was equipped with a stock rack the rear of which was painted white and equipped with clearance lights, a cluster of three lights, and below the bed of the trailer a taillight. In addition there were reflectors at each corner directly above the bed of the trailer. The bed of the trailer was four feet above the ground and the stock rack extended about five and one-half feet above the bed. On the date in question Gillming was proceeding eastward from Kearney, Nebraska, on State Highway No. 2. At about 10:30 p. m. on the evening of the day in question at a point somewhat more than a mile west of Seward, Nebraska, an automobile operated by plaintiff ran into the rear end of the truck-trailer being at the time operated by the defendant Gillming. The automobile operated by plaintiff was properly equipped with lights and immediately before the accident it was proceeding at the speed of about 40 miles per hour.

The plaintiff alleged in her petition that it was negligence on the part of Gillming in the operation of the truck-trailer that caused her to drive into the rear of the truck-trailer. The negligence alleged and which plaintiff sought to support by evidence was substantially that the truck was caused to be on the highway at night in an unlighted condition; that there was a failure to warn approaching traffic of the unlighted condition of

the truck; that no flares or flags were placed to give warning of the presence of the truck on the highway; that the truck as a motor vehicle was being operated with defective lights which were insufficient to properly light the tractor and trailer; that no proper lookout was kept for approaching traffic; that there was a failure to remove the truck-trailer from the highway; that the vehicle was not equipped with a red light visible 500 feet to the rear; that the speed of the vehicle was suddenly decreased without giving an appropriate signal by hand, light, or semaphore; that the vehicle was parked upon the paved and improved portion of the highway when it was practicable to remove it therefrom; and that in stopping the vehicle on the highway defendants failed to leave a clear and unobstructed width thereon of not less than 15 feet opposite such vehicle.

The defendants in answer to the petition denied the allegations of negligence and of damage therein contained. Affirmatively they alleged that any injury or damage sustained by plaintiff was proximately caused and contributed to by the negligence of the plaintiff. There was also an allegation of renewal of objection to the jurisdiction of the court by the defendant Gillming but no such objection appears in the transcript.

The affirmative allegations of the answer were denied by reply.

The defendants have assigned numerous alleged errors as grounds for reversal of the judgment. The first two treat of the power of the court to entertain jurisdiction of the case for trial. It is the contention of the defendants that the plaintiff at the time of the commencement of the action was not a resident of Lancaster County, Nebraska, the county in which the action was instituted, and the defendants were not residents of that county, and the cause of action not having occurred in that county, action in that county was improper under section 25-409, R. S. 1943.

Pursuant to the terms of this section of the statute

an action in tort is not maintainable except in the county where the cause of action arose, or where one of the defendants or the plaintiff resided at the time the action was commenced.

On the record the district court did not submit this question to a jury but in effect held that the evidence was conclusive that plaintiff was a resident of Lancaster County, Nebraska, and that therefore in this respect no jury question was presented.

In this there was no error. In disposition of these assignments we adopt the following from the former opinion of this court: "Regarding the question as to plaintiff's residence, the testimony of plaintiff is that she had lived in Lincoln for about two years before the filing of her petition; that she voted in Lancaster County, Nebraska; and that in June 1946, sometime after the filing of her petition, she went to make her home with her brother in Valley County, until such time as she could again work, when it was her intention to return to Lincoln. This evidence stands undisputed."

The fifth assignment of error is an objection that the court erred in submitting in instruction No. 1 an issue that the truck was not equipped with reflectors.

From an examination of the instruction it becomes apparent that this contention is groundless. The jury was told the following: "Plaintiff further says that traffic approaching from the east and traveling west with bright headlights blinded the plaintiff and such glare from automobiles approaching from the east temporarily blinded plaintiff so she could not see defendant's truck ahead of her because of the absence of rear lights, reflectors or lighted flares." This is contained in a recital of the general claims of plaintiff but it does not purport to be a charge of negligence against the defendants. The charges of negligence are specifically set out later on in the instruction and in them is not found a charge of negligence based on a failure to have the truck equipped with reflectors.

The sixth assignment is a contention that it was error for the court to submit as a ground of negligence the sudden decrease of the speed of the truck without giving an appropriate signal by hand, light, or semaphore. The theory of the assignment was that the charge was not sustained by evidence.

If the charge was without evidentiary support the court was in error in submitting it to a jury. Blue Valley State Bank v. Milburn, 120 Neb. 421, 232 N. W. 777; Tighe v. Interstate Transit Lines, 130 Neb. 5, 263 N. W. 483; McClelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757; Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N. W. 2d 114; Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439. However here there was direct evidence that there was no warning light displayed and other evidence upon which a reasonable inference might rest that no other kind or character of signal was given. The charge was therefore supported by evidence.

In the seventh assignment of error it is contended that the court erred in reciting that one of the charges of negligence was that the trailer was stopped on the highway without white lights visible for a distance of 500 feet to the rear and in submitting this to the jury as an issue of negligence.

There can be no doubt that this was error since there is no requirement that any vehicle on a highway shall have a white light or lights visible for any distance to the rear. The only question is as to whether or not the error was prejudicial and in consequence reversible.

If this amounted to but an inadvertent substitution of one word for another and if in the light of the entire instructions it may be said that the error could not reasonably have misled the jury then it was error without prejudice. In Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217, it was said: "The inadvertent substitution of one word for another in an instruction is at most harmless error, when it is clear from the instruction itself or from the record and other instructions given

that the jury could not have been confused or misled thereby."

In Hampton v. State, 148 Neb. 574, 28 N. W. 2d 322, it was said: "An instruction will not be held to be prejudicially erroneous merely because of a harmless imperfection which cannot reasonably be said to have confused or misled the jury to the prejudice of the party complaining."

In instruction No. 7 the court correctly instructed with regard to the lighting requirements for vehicles such as the one involved here. The jury was told that the statutes required under circumstances such as were disclosed by the evidence that there shall be a lamp to the rear exhibiting a red light visible for a distance of 500 feet.

This coupled with the general information that motor vehicles do not have white lights but do have red lights on the rear and the presumptive knowledge that no such lights are required we are of the opinion that this error must be considered an inadvertence which could not reasonably have misled the jury.

For their ninth assignment of error the defendants assert that the court erred in giving instruction No. 13. The particular complaint is that the following from the instruction incorrectly reflects the meaning of the comparative negligence statute of the State of Nebraska: "You are instructed that, as a general rule, leaving an unlighted vehicle on a highway on a dark night without warning constitutes gross negligence within the meaning of the comparative negligence statutes of the State of Nebraska. To this rule, however, there are exceptions - where, for reasons beyond the control of the vehicle operator, it is impracticable or impossible to move said vehicle or maintain lights thereon."

This statement conforms to a previous pronouncement of this court and we think it expresses a proper attitude in law and common understanding toward situations such as are contemplated by the instruction. It

cannot be denied that the leaving of an unlighted vehicle on a public highway at night creates a highly dangerous condition. It therefore cannot well be said that the person responsible for the condition, in the absence of legal justification or excuse, was not in a high degree or grossly negligent.

In Monasmith v. Cosden Oil Co., 124 Neb. 327, 246 N. W. 623, it was said: "Leaving an unlighted vehicle on highway, on dark night, without any warning, constitutes gross negligence, within the meaning of the comparative negligence statute."

In Giles v. Welsh, 122 Neb. 164, 239 N. W. 813, it was said: "It is evident that defendants were guilty of gross negligence in leaving an unlighted truck upon the highway on a dark night, without warning of any kind to protect approaching travelers."

As pointed out by appellants it properly is inferable from the comparative negligence statute and the decisions construing it that ordinarily and generally whether or not an act or omission is gross negligence is ascertainable by comparison with the negligence of an opposing party against whom contributory negligence has been charged. § 25-1151, R. S. 1943; Sodomka v. Cudahy Packing Co., 101 Neb. 446, 163 N. W. 809; Morrison v. Scotts Bluff County, 104 Neb. 254, 177 N. W. 158; Dodds v. Omaha & C. B. Street Ry. Co., 104 Neb. 692, 178 N. W. 258; Haffke v. Missouri P. R. Corporation, 110 Neb. 125, 193 N. W. 257; Troup v. Porter, 126 Neb. 93, 252 N. W. 611; Thomison v. Buehler, 147 Neb. 811, 25 N. W. 2d 391.

This however we think does not have the effect of preventing the court under certain circumstances, such as were dealt with in Monasmith v. Cosden Oil Co., supra, and Giles v. Welsh, supra, from saying that acts or omissions may be regarded as gross negligence as a matter of law. The principle is not different from the well-recognized one which permits the court, if the facts warrant, to say that one against whom contributory

negligence has been charged is guilty as a matter of law of more than slight negligence.

We think there was no error in the quoted portion or in the instruction as a whole.

In their eighth assignment the defendants say that the court erred in omitting from its charge any reference to the answer of the defendant Gillming or his denials and affirmative defenses therein contained.

It is true as contended that no reference was made in the instructions to the answer of this defendant although the answer filed was on behalf of both defendants. The answer was entitled "SEPARATE ANSWER OF T. C. JENSEN" but in its body it was a joint answer.

We fail to see however how it may be reasonably said that the jury could have been misled. The answer denied negligence on the part of both defendants and both of them appeared in person in defense of the action. The instructions correctly outlined the evidentiary burden of the plaintiff as to both defendants. It also correctly fixed the burden of both defendants with reference to the affirmative allegations of the answer.

The remaining five assignments will be treated together. They deal with the question of whether or not, assuming that the defendants were guilty of negligence, the plaintiff was guilty of contributory negligence in a degree and to an extent that she would under the comparative negligence law be barred from a recovery, and the question of whether or not in any event there was evidence of negligence on the part of defendants sufficient to submit to a jury.

The evidence in these respects was clearly sufficient upon which to submit the question of whether or not the defendants were guilty of negligence, provided of course that the plaintiff was not guilty of such contributory negligence as would prevent its submission. If the record is such that it may be said as a matter of law that plaintiff was guilty of contributory negligence more than slight then she cannot recover and the necessity

for submission of the negligence of defendants did not exist.

If plaintiff was guilty of contributory negligence which in itself was more than slight (Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473; Dickenson v. County of Cheyenne, 146 Neb. 36, 18 N. W. 2d 559) or which by comparison with the negligence of defendants which was gross was more than slight (Sodomka v. Cudahy Packing Co., *supra;* Morrison v. Scotts Bluff County, *supra;* Dodds v. Omaha & C. B. Street Ry. Co., *supra;* Troup v. Porter, *supra*) then plaintiff cannot be permitted to recover.

In the consideration of evidence of contributory negligence two rules are to be observed.

One is that if contributory negligence sufficient to defeat a recovery has been established by evidence concerning which different minds may not reasonably draw different conclusions or inferences it is the duty of the court to withdraw the case from the jury and so find as a matter of law. Roth v. Blomquist, *supra;* Sodomka v. Cudahy Packing Co., *supra;* Morrison v. Scotts Bluff County, *supra;* Troup v. Porter, *supra;* Thomas v. Poulson, 149 Neb. 44, 30 N. W. 2d 59; Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106.

The other is that where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof when one is compared with the other, such issues must be submitted to a jury. Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610; Miers v. McMaken, 147 Neb. 133, 22 N. W. 2d 422; Thomison v. Buehler, *supra;* Thomas v. Poulson, *supra;* Buresh v. George, *supra.*

The defendants contend that the evidence adduced in this case was such as to require the application of the former of the two rules.

Pertinent evidence necessary to be considered in the

determination of this question is that plaintiff at night was driving eastward at the rate of about 40 miles an hour on the right side of a practically straight and level paved highway which highway had a marked dividing line down its center. The lights were in good condition and were properly pitched for driving under the circumstances testified to. The lights had a range of more than 100 feet. The truck in question was moving in the same direction on the same highway ahead of plaintiff. As plaintiff drew up near the truck from the rear, lights of a car coming from the opposite direction temporarily blinded plaintiff. Plaintiff did not see the truck until she was up close to it. When she saw the truck it was too late to avoid a collision. The car which she was operating collided with the rear end of the truck. At the time of the collision about four feet of the rear end of the truck extended onto the paved portion of the highway. The remaining portion was off to the right. It was either standing or moving forward slowly. Plaintiff saw no reflectors on the rear of the truck and testified that there were no rear lights burning. The rear end of the truck was white. This we think is a fair version of the testimony adduced by plaintiff.

It is from this that we must determine the question of whether or not the court erred in refusing to conclude as a matter of law that plaintiff was guilty of contributory negligence more than slight and in consequence find in favor of defendants. We do not think the court erred in this respect.

In the case of Miers v. McMaken, *supra,* a case which does not differ significantly in point of fact from the version of the facts given herein by plaintiff, in holding that it could not be said that the plaintiff was guilty of contributory negligence as a matter of law, this court said: "We are unwilling to say on the record that the plaintiff was lacking in the care and caution required of him under the circumstances or more specifically that

in the exercise of reasonable care he could have seen the corner of the truck of the defendants in time to avoid the consequences of his attempt to avoid striking it." Accordingly we held that the question of whether or not plaintiff was guilty of contributory negligence was one to be determined by the jury.

What was said and held there is controlling here. It was therefore proper to submit the question of contributory negligence provided that there was sufficient evidence of negligence on the part of the defendants to submit to a jury. It is not contended that if this question was proper for submission that it was improperly submitted.

The charges of negligence have been hereinbefore substantially set forth and they will not be repeated. As to them, there was evidence that the truck was on the highway in an unlighted condition, that there was a failure to warn approaching traffic of the unlighted condition of the truck, that there was a failure to place flares or flags to warn of the presence of the truck, that there was a failure to remove the truck from the highway, that the trailer was not at the time displaying a red light to the rear, that the speed of the truck was decreased or stopped suddenly without giving a signal, and that in stopping on the highway there was a failure to leave a clear and unobstructed width thereon of not less than 15 feet in the driving lane opposite the truck.

Much of this evidence was disputed but clearly it was sufficient for submission to a jury on the question of whether or not the defendants were guilty of negligence, or gross negligence within the meaning of the comparative negligence law.

It is not contended that if this evidence was sufficient for submission on the question of the negligence that it was improperly submitted, except as to the contention that it was improper for the court in its instructions to say that, as a general rule, leaving an unlighted vehicle on a highway on a dark night without warning

constitutes gross negligence within the meaning of the comparative negligence statute of the State of Nebraska. The ruling on this exception being adverse to the contention of the defendants, it follows that the court did not err in submitting the question of defendants' negligence to the jury.

It cannot therefore be said that the court erred in overruling the demurrer to the evidence or the motions for directed verdict and for a new trial, and neither may it be said that the verdict and judgment are not supported by the evidence or that they are contrary to law.

The judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I dissent as to the disposition of the fifth assignment of error. The opinion states that the assignment is groundless because the recital of facts is not a charge of negligence.

Instruction No. 1 consists of several paragraphs. It has one paragraph containing the quoted language which is followed immediately *in the same paragraph* with this: "She *claims* the *defendant,* Robert Gillming, *was negligent* which was the proximate cause of the collision and injuries to the plaintiff." The next paragraph recites allegations that the *defendants* were negligent in the following particulars. The first one is that "Defendant caused the truck to be on the highway in the nighttime without lights and unmarked as a warning to plaintiff."

Instruction No. 2 is: "You are instructed that before plaintiff would be entitled to recover on the claims in the petition the burden is upon her to prove by a preponderance of the evidence that the defendant Gillming was negligent in the operation of the truck at the time in one or more of the particulars, as claimed by plaintiff and set forth and enumerated in Instruction No. 1,

and that such negligence was the proximate cause of the accident and injuries to the plaintiff."

The second paragraph in instruction No. 2 refers to the answer alleging plaintiff's negligence and states: "* * * if you shall first find that the defendant was negligent in one or more of the particulars claimed by the plaintiff, then the burden of proof is upon the defendants to prove * * *."

In Hutchinson v. Western Bridge & Construction Co., 97 Neb. 439, 150 N. W. 193, we said: "Jurors are not lawyers, and are not always prepared to discriminate between that portion of a lengthy charge which contains statements made in pleadings, and the remainder of it. * * * Where a petition contains allegations of fact not supported by any evidence, it may be reversible error to include such statements in that part of the charge of the court defining the issues to be tried, and, if the reviewing court is satisfied that the jury has been misled by so doing, it will be its duty to grant a new trial." We followed that case and others in McCelland v. Interstate Transit Lines, 139 Neb. 146, 296 N. W. 757, wherein we said: "In stating the issue to the jury, it is likewise error, which may be prejudicial, for the trial court to include allegations of which there is no proof."

In Allen v. Clark, 148 Neb. 627, 28 N. W. 2d 439, we went further and said: "It is reversible error for the court to include, in its instructions to the jury, allegations of fact found in the pleadings but which have not been supported by any evidence."

It seems to me that the opinion contains a modification of the Allen case. If we are to do that we should so state, and then we must go further and point out the ground for our saying the jury was not misled.

PAINE, J., concurs in this dissent.