MINNIE E. DRYER, APPELLANT, v. EUGENE H. MALM ET AL., APPELLEES.

77 N. W. 2d 804

Filed July 6, 1956. No. 33974.

*James L. Thorpe* and *George T. Burr,* for appellant.

*Martin, Davis & Mattoon,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in two causes of action by Minnie E. Dryer, plaintiff and appellant, against Eugene H. Malm and Joe Vetchek, defendants and appellees. The first cause of action is for damages for personal injuries which the plaintiff claims were caused by the negligence of the defendants. The second cause of action is for hospital and miscellaneous expenses incurred by H. G. Dryer, the husband of plaintiff, in the care and treatment of plaintiff, which it is claimed were made necessary by the negligence of the defendants. The claim for these expenses was duly assigned to plaintiff.

The case came on for a trial to a jury. At the conclusion of plaintiff's evidence, the defendant Malm made a motion for dismissal of plaintiff's petition or in the alternative that a verdict be directed in favor of the defend-

ant and against the plaintiff. The motion to dismiss was sustained and judgment was rendered accordingly. The plaintiff filed a motion for new trial which was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The motion to dismiss was predicated upon the contention of the defendant Malm that the evidence failed to establish the causes of action in favor of the plaintiff. The plaintiff asserts as ground for reversal that the court erroneously so found. This contention requires an analysis of plaintiff's first cause of action and the evidence in support thereof. The second cause must stand or fall with the first.

By her petition the plaintiff alleged, to the extent necessary to state here, that on February 4, 1954, at about 9:15 a. m., she was driving a 1951 Oldsmobile sedan in a westerly direction in a careful manner about 11 miles north and east of Dalton, Nebraska, on a graveled county road in Cheyenne County, Nebraska; that she passed over a knoll and as she did so she saw that to the west the entire roadway and the borrow pits on both sides were completely blocked with sheep; that she applied the brakes of the automobile and swung it to the north edge of the road and, seeing that she could not drive safely through the flock of sheep, she pulled to the left or south edge of the road and into the ditch where the automobile turned over and she was thrown out and injured; and that the accident was the result of negligence of the defendant Eugene H. Malm, owner of the sheep, and the defendant Joe Vetchek, the agent and servant of Malm, who was tending the sheep, in allowing them to block the highway. The particular specifications of negligence are that the flock of sheep were allowed to block the highway in such manner as to endanger the life and limb of motorists lawfully on the highway; in failing to warn motorists lawfully on the highway of the blockade caused by the sheep; and in permitting the sheep to be on the highway when by

the exercise of ordinary care they knew or should have known that injury and damage would be the natural and probable consequences of the sheep being at large on the highway.

The defendant Malm filed an answer to the petition. There was no answer by the other defendant and no information in the transcript to indicate that the other defendant was brought into the case by service of process, so for the further purposes of this opinion Malm will be treated as the only defendant.

By answer the defendant admitted that the plaintiff had an accident but denied that negligence on his part or on the part of Vetchek was the cause. He further alleged that the proximate cause was negligence of the plaintiff which was more than slight. The negligence with which the plaintiff was charged was that she was driving at a high, dangerous, and excessive rate of speed while approaching and passing a hill crest contrary to the laws of Nebraska; that she failed to decrease her speed or to stop when she saw or should have seen the sheep after passing over the crest of the hill; that she failed to have or maintain her vehicle under proper control; that she failed to keep a reasonable lookout ahead; and that she failed to operate her vehicle in such a manner and at such a speed as to be able to stop within the range of her vision.

By reply the plaintiff generally denied the charges of negligence made against her. With the pleadings in this state the case went to trial.

In a determination of whether or not a motion for directed verdict or dismissal should be sustained certain principles are of controlling importance.

One is: "A motion for directed verdict or its equivalent * * * must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his favor and have the benefit of every

inference that can reasonably be deduced from the evidence." Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622. See, also, Stark v. Turner, 154 Neb. 268, 47 N. W. 2d 569; Behrens v. Gottula, 160 Neb. 103, 69 N. W. 2d 384; Cook Livestock Co., Inc. v. Reisig, 161 Neb. 640, 74 N. W. 2d 370.

Another is: "In an action where there is any evidence which will support a finding for a party having the burden of proof, the trial court cannot disregard it and direct a verdict against him." Stark v. Turner, *supra.* See, also, Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, 42 A. L. R. 2d 1; Parsons v. Cooperman, 161 Neb. 292, 73 N. W. 2d 235; Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112.

Another is: "Where different minds may reasonably draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, as to whether or not the evidence establishes negligence or contributory negligence, and the degree thereof, when one is compared with the other, such issues must be submitted to a jury." Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462. See, also, Thomison v. Buehler, 147 Neb. 811, 25 N. W. 2d 391.

Still another is: "Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the accident could not have happened." Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825. See, also, Shupe v. County of Antelope, 157 Neb. 374, 59 N. W. 2d 710; Ambrozi v. Fry, 158 Neb. 18, 62 N. W. 2d 259; Ricker v. Danner, 159 Neb. 675, 68 N. W. 2d 338.

The evidence viewed in the light of these rules discloses that the plaintiff came from the east over an elevation in a well-maintained gravel road with which she was familiar at a speed of 55 miles an hour or more but not in excess of 60 miles an hour. The road descended to the west. The rate of descent is not disclosed

but from exhibits it does not appear to be great. As she came over the elevation she had an open and unobstructed view of at least a half mile to the west. At the elevation she saw that the road over its entire width and across the borrow pits on both sides was blockaded by a flock of sheep estimated by her to be about 1,800. She was at the time about 400 feet to the east. She did not slacken the speed of the automobile and did nothing else to protect her safety or to avoid running into the blockade until she had traveled a distance of about 287 feet westward at which time she turned and went partly off the gravel to the right but came back on about 60 feet farther on, then crossed the road, and left it on the left side about 379 feet west of the elevation and 10 or 12 feet east of the blockade. Whether or not she attempted to slacken speed at the point 287 feet west is not made clear. She testified to the effect that she may have done so. Her best recollection was that she applied brakes when she started southwest across the road. That point was about 347 feet west of the elevation. Thus, according to her testimony, the first precautionary step in the interest of her own safety was taken when she was within a little more than 100 feet of the barricade of which she had been fully cognizant for almost 300 feet.

The theory of the motion for directed verdict or for dismissal was two-fold. The first was that the evidence was insufficient in proof that negligence of the defendant was the proximate cause of the accident. The second was that the evidence disclosed affirmatively that the plaintiff was guilty of contributory negligence more than slight which as a matter of law defeated her right to recover.

Neither the ruling on the motion nor the journal entry dismissing the action discloses the theory adopted by the trial court in dismissing the action but the parties have presented the case here on the latter of the two theories and since the case may be properly and fully

disposed of by a consideration of that theory no consideration will be given to the other.

The issue then, as is apparent, is that of whether or not on the facts as outlined the plaintiff was guilty of contributory negligence which was a proximate cause of the accident and which negligence was as a matter of law more than slight.

The question here must be considered in the light of the following rule: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile on a highway in such a manner that he cannot stop in time to avoid a collision with an object within the range of his vision." Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669. See, also, Redwelski v. Omaha & C. B. St. Ry. Co., 137 Neb. 681, 290 N. W. 904; Mundy v. Davis, 154 Neb. 423, 48 N. W. 2d 394; Fridley v. Brush, 161 Neb. 318, 73 N. W. 2d 376; Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870.

The general rule has its exceptions which must also be considered. The exceptions embrace conditions under which reasonable minds may differ as to whether or not the driver was able to see in the exercise of ordinary care the situation with which he was confronted. The appropriate test has been fairly summarized as follows: "However, on unlighted streets and highways, and those lighted but where the light is obstructed, we have made exceptions to this general rule when the nature of the object or its condition, such as color, dirt, et cetera, in relation to the highway or road, affected its immediate visibility or when, because of the lights of oncoming traffic, the driver's attention is distracted or his vision impaired and his opportunity for immediate discernment thereby affected." Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106.

The facts as disclosed bring this case clearly within the general rule and not any exception. The plaintiff had an unobstructed view of and saw the complete blockade about 400 feet away and did nothing whatever

in the interest of her own safety until she had traversed at a high rate of speed well over one-half of that distance. It became her duty in the light of what she admittedly knew and saw, in the exercise of ordinary care, to so operate her automobile as to bring it under control and avoid such an eventuality as befell her.

The plaintiff contends that from this duty a jury could properly say that she was excused on the ground that she was confronted by a sudden emergency.

The sudden emergency rule is not applicable to a situation such as has been presented by the facts of this case. The controlling principle is the following: "The emergency rule cannot be successfully invoked by either party in a negligence case unless there is competent evidence to support a conclusion that a sudden emergency actually existed, and then it cannot be successfully invoked by one who has brought that emergency upon himself by his own acts or who has not used due care to avoid it." Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491. See, also, Davis v. Dennert, *supra*.

The sudden emergency here, if there was one, was brought about by the failure of plaintiff to use due care to avoid it.

The conclusion reached is that the district court committed no error in dismissing the action of the plaintiff. The judgment is affirmed.

AFFIRMED.